## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## AT MEMPHIS

| | |
|---|---|
| PRISCILLA DEGEETER, on behalf of herself and all others similarly situated,<br><br>         Plaintiff,<br><br>    -against-<br><br>PHILLIP H. MCNEILL, SR., HOWARD A. SILVER, JOSEPH W. MCLEARY, RAYMOND E. SCHULTZ, HARRY S. HAYS, ROBERT P. BOWEN, and EQUITY INNS, INC.<br><br>         Defendants. | Civil Action<br>No. _____<br><br><br>**JURY TRIAL DEMANDED**<br><br>**CLASS ACTION** |

### CLASS ACTION COMPLAINT

Plaintiff Priscilla Degeeter, by her undersigned attorneys, for her class action complaint against defendants alleges upon knowledge as to her own acts and upon information and belief as to all other matters, based upon the investigation made by and through her attorneys, which investigation included, *inter alia*, reviewing Securities Exchange Commission ("SEC") filings, press releases, analyst reports, news articles and other materials as follows:

### INTRODUCTION

    1.  This is a shareholder class action brought on behalf of the public shareholders of Equity Inns, Inc. ("Equity Inns" or the "Company") seeking injunctive relief against consummation of the agreement and plan of merger between Equity Inns and affiliates of Whitehall Street Global Real Estate Limited Partnership 2007 (collectively, "Whitehall").

1

2. On June 20, 2007, Equity Inns announced that it had entered into an agreement and plan of merger with Whitehall, pursuant to which Whitehall will acquire all of Equity Inns' outstanding shares of common stock for $23.00 per share in cash in a transaction valued at approximately $2.2 billion, including debt (the "Proposed Merger").

3. Equity Inns' Board of Directors (the "Board") unanimously approved the Proposed Merger and has recommended to the Company's stockholders that they support the deal as well. The Proposed Merger is subject to certain closing conditions, including the approval of Equity Inns' shareholders of the agreement and the merger and the satisfaction of other customary closing conditions. There is no financing condition to complete the transaction. The transaction is expected to close promptly following the satisfaction of all closing conditions, which is anticipated to occur in the fourth quarter of 2007.

4. The defendants' acts in connection with the Proposed Merger, as more particularly alleged herein, constitute a breach of the defendants' fiduciary duties owed to Equity Inns' public shareholders, and a violation of applicable legal standards governing defendants herein

## JURISDICTION AND VENUE

5. This Court has jurisdiction over all claims asserted herein pursuant to 28 U.S.C. §1332(a)(2). Diversity exists between plaintiff and each defendant, and the amount in controversy exceeds $75,000. This action is not a collusive action designed to confer jurisdiction on a court of the United States it would otherwise not have.

6. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) insofar as many of the acts and practices complained of herein occurred in this District. Defendant Equity Inns is headquartered in this District, and one or more Defendants either reside in or maintain executive offices in this District.

**PARTIES**

7. Plaintiff is the owner of Equity Inns common stock, which she has held at all times relevant hereto.   Plaintiff is a resident of Illinois.

8. Defendant Equity Inns is a corporation duly organized and existing under the laws of the state of Tennessee, with its principal executive offices located at 7700 Wolf River Boulevard, Germantown, Tennessee 38138.  Equity Inns, Inc. operates as a real estate investment trust (REIT).  It invests principally in the upscale extended stay, all-suite, and midscale limited-service hotel properties.  At December 31, 2005, it owned 123 hotel properties with approximately 14,788 rooms located in 36 states. Equity Inns was founded in 1993.  As of April 25, 2007, the Company had issued and outstanding more than 55 million shares of common stock outstanding trading on the New York Stock Exchange.

9. Defendant Phillip H. McNeill, Sr. ("McNeill") is and has been the Company's Chairman of the Board of Directors since Equity Inns Inc was founded in 1993.  Until January 2005, Mr. McNeill, Sr. served as Chief Executive Officer.  In January 2005, Mr. McNeill, Sr. became non-executive Chairman and Mr. Silver assumed the role of Chief Executive Officer. Mr. McNeill, Sr. has been Chairman and President of McNeill Investment Company, Inc. since 1977.  From 1963 to 1977, he served in various capacities, including President and Chief Executive Officer of Schumacher Mortgage

Company, Inc., a mortgage banking firm and subsidiary of Time, Inc. Mr. McNeill, Sr. has served as President and Director of the Memphis Mortgage Bankers Association and the Tennessee State Mortgage Bankers Association. He has been a past director of National Commerce Financial Corporation (NYSE: NCF) and Interstate Hotels Corporation (NYSE: IHR), a member and Vice Chairman of the Board of Trustees of Rhodes College, a trustee of Wetlands America Trust, Inc. and a member of the Board of Visitors of the University of Memphis. He is a resident of Tennessee.

        10.      Defendant Howard A. Silver ("Silver") is and has been a member of the Company's Board of directors and the President and Chief Executive Officer since January 2005. From June 1998 until December 2004, Mr. Silver served as President and Chief Operating Officer. Mr. Silver joined Company in May 1994 and has served in various capacities, including Executive Vice President of Finance, Secretary, Treasurer and Chief Financial Officer of the Company until June 1998. From 1992 until joining the Company, Mr. Silver served as Chief Financial Officer of Alabaster Originals, L.P., Memphis, Tennessee, a fashion jewelry wholesaler. From 1978 to 1985, Mr. Silver was a certified public accountant with the national accounting firm of Coopers & Lybrand L.L.P., from 1985 to 1987, Mr. Silver served as Vice President of Finance of Fogelman Properties, Inc., Memphis, Tennessee, an apartment management company, and from 1987 to 1992, Mr. Silver was employed as a certified public accountant with the national accounting firm of Ernst & Young. He has been a certified public accountant since 1980. Mr. Silver has been a director of the Company since December 1998. Mr. Silver is a director of Capital Lease Funding, Inc. (NYSE: LSE) (Audit Committee (Chairman), Corporate Governance and Nomination Committee, Investment Committee) and Great

Wolf Resorts, Inc. (NASDAQ: WOLF) (Audit Committee, Compensation Committee (Chairman)). Mr. Silver serves as the financial expert for the Audit Committee of Capital Lease Funding, Inc. He is a resident of Tennessee.

11. Defendant Joseph W. McLeary ("McLeary") is and has been a director of Equity Inns since February 1994. Mr. McLeary is a private investor and Vice Chairman of the Board of Imperial Management Corporation, a property and casualty insurance company. From 1997 to 1999, he served as Chairman of Executive Financial Services, Inc., a private financial consulting and benefits administration firm. From 1987 to 1997, he was Chairman and Chief Executive Officer of Midland Financial Group, Inc., a publicly-owned automobile insurance company. From 1984 to 1987, he was president of McLeary & Co., a company organized to manage a privately held investment fund engaged in the acquisition of small businesses in the Memphis, Tennessee area. From 1969 to 1983, he was President and Chief Financial Officer and a Director of Cook International, Inc., a publicly owned agricultural commodities firm. Before 1969, he was employed by the Federal Reserve Bank of Atlanta. He is a resident of Tennessee.

12. Defendant Raymond E. Schultz ("Schultz") is and has been a director of the Company during the relevant time period. Mr. Schultz has been a director of Equity Inns since December 1998. Mr. Schultz is Chairman, President and Chief Executive Officer of RES Investments LLC. He served as Chairman of the Board and Chief Executive Officer of Promus Hotel Corporation from August 1997 to December 1998 and as Chairman of Promus Hotel Corporation's Executive Committee from December 1997 to December 1998. Mr. Schultz served as President, Chief Executive Officer and a director of Promus Hotel Corporation from April 1995 through August

5

1997.  From 1993 to 1995, he served as President and Chief Executive Officer of the Hotel Division of The Promus Companies Incorporated and was the President and Chief Executive Officer of Hampton Inn/Homewood Suites Hotel Division from 1991 to 1993. He is a resident of Tennessee.

13.     Defendant Harry S. Hays ("Hays") is and has been a director of the Company during the relevant time period.  Mr. Hays has been a director of Equity Inns since September 1999. Mr. Hays is a private investor. He served as the President and Chief Executive Officer of Allen & O'Hara Inc., a national commercial real estate firm with particular expertise in the development, construction and management of major hotel brands including Holiday Inns, Hampton Inns, Residence Inns, Spring Hill Suites and Marriott Courtyards, and Allen & O'Hara Construction Co., L.L.C. from 1980 until his retirement in 1998.  He joined the legal department of Allen & O'Hara Inc. in 1964 and served from 1970 to 1972 as Secretary and Assistant General Counsel and from 1972 to 1980 as a Director and Vice President and General Counsel.  From February 1995 to February 1999, Mr. Hays was a member of the Board of Directors of The Residence Inn Association and served as chairman of its technology committee.  He is a resident of Mississippi.

14.     Defendant Robert P. Bowen ("Bowen") is and has been a director during the relevant time period.  Mr. Bowen has been a director of Equity Inns since May 2004.  Mr. Bowen is a retired partner of Arthur Andersen LLP, and from 1980 to 1998, he was partner-in-charge of the Audit practice of Andersen's Memphis and Little Rock offices. For more than 25 years, he specialized in the hospitality/hotel and entertainment industry, and was a member of Andersen's worldwide hospitality industry team.  Mr.

Bowen joined Andersen in 1968, after receiving his MBA degree from Emory University. He retired from Andersen in 1999. Mr. Bowen is currently a director of Gaylord Entertainment Company (NYSE: GET) and Strategic Hotels & Resorts, Inc. (NYSE: BEE). Mr. Bowen does not intend to stand for re-election as a director of Gaylord in 2007. Mr. Bowen serves as Audit Committee financial expert as that term is defined in the rules promulgated by the SEC. He is a resident of Tennessee.

15. The defendants named in paragraphs 9 through 14 are hereinafter referred to as the "Individual Defendants."

16. The Individual Defendants, as officers and/or directors of Equity Inns, have a fiduciary relationship and responsibility to the Company's public stockholders and owe to the public stockholders the highest obligations of good faith, loyalty, fair dealing, due care and candor.

## CLASS ACTION ALLEGATIONS

17. Plaintiff brings this action on his own behalf and as a class action, pursuant to the Tennessee Rules of Civil Procedure ("TCRP") Rule 23 of the Court, on behalf of all common stockholders of Equity Inns, or their successors in interest, who are being and will be harmed by Defendants' actions described below (the "Class"). Excluded from the Class are Defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any of
Defendants.

18. This action is properly maintainable as a class action because:

    a. The Class is so numerous that joinder of all members is impracticable. There were more than 55 million shares of Equity Inns common stock

7

outstanding as of April 25, 2007. Equity Inns' shares of common stock are actively traded on the New York Stock Exchange and held by hundreds of stockholders of record located throughout the United States; ;

      b.    There are questions of law and fact which are common to the Class, which predominate over questions affecting any individual class members including, <u>inter</u> <u>alia</u>:

      (1)    Whether Whitehall's acquisition offer of $23.00 per share of Equity Inns common stock is grossly inadequate and provides value to Equity Inns' shareholders substantially below the fair or inherent value of the Company;

      (2)    Whether the Board has failed to take all reasonable steps necessary to ensure that Equity Inns stockholders would receive the maximum value realizable for their shares of Equity Inns common stock in any transaction effecting the change of corporate control of the Company; and

      (3)    whether the plaintiff and the other members of the Class would be irreparably damaged were the Proposed Merger complained of herein consummated.;

      c.    The defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

      d.    Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. The claims of plaintiff are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate

representative of the Class and will fairly and adequately protect the interests of the Class;

  e. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for defendants, or adjudications with respect to individual members of the Class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests;

  f. Defendants have acted, or refused to act, on grounds generally applicable to, and causing injury to, the Class and, therefore, preliminary and final injunctive relief on behalf of the Class as a whole is appropriate; and

  g. Plaintiff anticipates that there will be no difficulty in the management of this litigation.

19. For the reasons stated herein, a class action is superior to other available methods for the fair and efficient adjudication of this controversy and the requirements of TRCP Rule 23 of the Court are satisfied.

## CLAIM FOR RELIEF

20. On June 20, 2007, Equity Inns issued a press release announcing that the Board had unanimously approved Whitehall's offer to acquire all outstanding shares of Equity Inns' common stock, whereby each share will be converted into the right to receive $23.00 in cash.

21. Pursuant to the Proposed Merger, each holder of units of limited partnership interest in the Company's operating partnership will receive $23.00 per unit in cash and the Company's Series B and Series C Preferred stock will be converted into shares of preferred stock of the acquiring entity which will have identical dividend and other relative rights, preferences, limitations and restrictions as are provided in the Company's Series B and Series C Preferred stock.

22. A *Business Wire* news article dated June 21, 2007 stated that Equity Inns intends to pay its regular quarterly common share dividend for the quarter ending June 30, 2007, as previously announced on June 14, 2007. . In addition, under the terms of the Proposed Merger, Equity Inns is permitted to continue to pay regular quarterly dividends to shareholders of up to $0.25 per share, plus a prorated dividend for any partial quarter, prior to the closing of the transaction.

23. To the detriment of the Company's shareholders, the Proposed Merger was timed to cap the price of Equity Inns' common stock. Consequently, the consideration to be paid to Equity Inns' shareholders under the Proposed Merger is grossly unfair, inadequate, and substantially below the fair or inherent value of the Company.

24. Indeed, the inadequacy of the consideration being paid to Equity Inns shareholders is reflected by the Company's consistent and substantial increases in its stock price and financial earnings. As evidenced by the chart below, the value of Equity Inns common stock has continuously soared during the past five years, increases not contemplated by Whitehall's purchase price.



25.     In addition, Equity Inns' financial growth over the past several years further demonstrates that it is currently, and will continue to be, an extremely profitable leader in the lodging industry.  For example, Equity Inns' annual total revenue has risen from $256,909,000 in 2004 to $335,364,000 in 2005 to $385,628,000 in 2006.

26.     The same *Business Wire news article* dated June 21, 2007 quoted Jonathan Langer, Managing Director of Goldman, Sachs' Real Estate Principal Investment Area ("Goldman Sachs"), as stating:

> We are truly excited to add Equity Inns' hotel assets to our real estate portfolio. Equity Inns' strategy of aligning itself with the leading brands in the lodging industry has proven highly effective. The Company has demonstrated a solid ability to create value and has strategically positioned itself as a leader in its industry.

27.     Indeed, Equity Inns' management has done an admirable job of producing strong property-level returns across the company's 132-hotel portfolio. Equity Inns' retention of reputable operators with strong local market knowledge, and promotion of best practices through a diversity of operators held accountable via short-term management contracts, leaves any potential buyer with little to alter operationally.

11

28. The purchase price contemplated by the Proposed Merger fails to reflect true value of the Company's valuable assets, profitable business, and future growth in profits and earnings, while usurping the same for the benefit of Whitehall.

29. Additionally, although the Board initiated an active sales process and, thus, assumed enhanced duties to maximize shareholder value, the Board failed to conduct a bona fide market check or auction of the Company prior to accepting Whitehall's acquisition proposal. Indeed, the Board has given no indication that it actively shopped the Company to ensure that the Company's stockholders received the maximum value for their shares of Equity Inns common stock reasonably available on the market.

30. Accordingly, the Individual Defendants have not fully informed themselves about other potential offers or even considered other potential purchasers of the Company in a manner designed to obtain the highest possible price for Equity Inns' public stockholders.

31. In fact, the Board has essentially guaranteed consummation of the Proposed Merger at a grossly inadequate price by accepting the Proposed Merger without the usual "go shop" provision or conducting any market check, and by agreeing to pay Whitehall an exorbitant termination fee of $38 million if Equity Inns either backs out of the Proposed Merger or if the Board is unable to obtain the requisite stockholder vote to approve the Proposed Merger.

32. Moreover, Equity Inns' chief executive officer maintains relationships with various owner/operators -- relationships that have helped fuel Equity Inns' acquisitive growth over the past few years, as Equity Inns offered liquidity to

12

owners while allowing them to retain (short-term) management contracts. In light of these relationships and management's knowledge of Goldman Sachs' real estate portfolio, it is anticipated that Equity Inns' senior management will be retained by Whitehal going forward. Whitehall's $4 billion platform could see continued acquisitive-driven expansion, and possibly setting the stage for a re-entry into the public market five years hence.

33.     The Proposed Merger is wrongful, unfair, and harmful to the Company's stockholders  As a result of the defendants' actions, plaintiff and the Class have been and will be damaged, in that they have been deceived, are the victims of unfair dealing, and are not receiving the fair value of the Company's assets and businesses

## COUNT I

### Direct Claim for Breach of Fiduciary Duty Against Individual Defendants

34.     Plaintiff repeats and re-alleges each allegation above set forth herein.

35.     The Individual Defendants have violated fiduciary duties of care, loyalty, candor and independence owed to the stockholders of Equity Inns and have placed personal interests ahead of the interests of Equity Inns stockholders, causing damages for which plaintiff seeks compensation.

36.     By the acts, transactions and courses of conduct alleged herein, defendants, individually and acting as a part of a common plan, will unfairly deprive plaintiff and other members of the Class of the true value of their Equity Inns investment.

37.     Defendants have failed to take steps to maximize the value of Equity Inns to benefit the public stockholders and have embarked on a process that

avoids competitive bidding and provides the buyout group with an unfair advantage by effectively excluding other potential acquirors or alternative transactions.

38. Defendants, through their daily involvement in the Company, dominate and control the business and corporate affairs of Equity Inns, and possesses proprietary information concerning them. This results in an imbalance and disparity of knowledge between the defendants and other stockholders which makes the process used herein inherently unfair.

39. The Individual Defendants have violated their fiduciary duties by engaging and endeavoring to enter into the Proposed Merger without regard to the fairness of the Proposed Merger to Equity Inns' stockholders, and the fiduciary duties owed by the Individual Defendants those stockholders. .

40. The Individual Defendants have also breached their duties of loyalty and due care by not taking adequate measures to ensure that the interests of Equity Inns' public stockholders are properly protected from overreaching by defendants. The Individual Defendants have engaged in self-dealing, have not acted in good faith to plaintiff and the other members of the Class, and have breached and are breaching fiduciary requirements to the members of the Class.

41. By reason of the foregoing acts, practices and course of conduct, the Individual Defendants have failed to exercise due care and diligence in the exercise of their fiduciary obligations toward plaintiff and the other members of the Class.

42. Unless enjoined by this Court, the defendants will continue to breach the fiduciary duties owed plaintiff and the Class, and may consummate the Proposed Merger to the disadvantage of the Company's public stockholders.

43.  As a result of the defendants' activities, plaintiff and the other members of the Class will be irreparably harmed in that they will not receive a fair portion of the true value of Equity Inns' assets and will be prevented from obtaining the real value of their ownership interest in the Company.  Unless the Proposed Merger is enjoined by the Court, and a fair process substituted, defendants will continue to breach their fiduciary duties to the plaintiff and the members of the Class, will not engage in arm's length negotiations on the terms of the Proposed Merger with Whitehall, and will not supply to Equity Inns' stockholders sufficient information to enable them to cast informed decisions on the Proposed Merger.

44.  Plaintiff and the other members of the Class have no adequate remedy at law.

45.  By virtue of the acts and conduct alleged herein, the Individual Defendants are not complying with their fiduciary duties at the expense of Equity Inns stockholders.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.  Ordering that this action may be maintained as a class action and certifying plaintiff as the Class representative;

B.  Ordering the Individual Defendants to carry out their fiduciary duties to plaintiff and the other members of the Class:

C.  Preliminarily and permanently enjoining the defendants and their counsel, agents, employees, and all persons acting under, in concert with, or for them, from proceeding with, consummating or closing the Proposed Merger;

D. Ordering the defendants, jointly and severally, to account to plaintiff and the other members of the Class for all damages suffered and to be suffered by them as a result of the acts and offers alleged herein;

E. Declaring that the defendants and each of them have violated their fiduciary duties, or aided and abetted such violations, to the Class;

F. Awarding costs and disbursements, including plaintiff's counsel's fees and experts' fees; and

G. Granting such other and further relief as to the Court may seem just and proper.

### JURY TRIAL DEMAND

Plaintiff and the proposed class demand a trial by jury on all issues so triable.

Dated: August 2, 2007

                              BRAMLETT LAW OFFICES
                              By:

                              s/Paul Kent Bramlett_____
                              Paul Kent Bramlett

                              *Attorneys for Plaintiff and the*
                              *Proposed class*

Paul Kent Bramlett
BRAMLETT LAW OFFICES
P. O. Box 150734
Nashville, TN  37215
Telephone:   615.248.2828
Facsimile:   615.297.3444
E-mail:PKNASHLAW@aol.com
TN SUP CT #7387/MS SUP CT #4291

OF COUNSEL:

Peter D. Bull, Esq.
Joshua M. Lifshitz, Esq.
BULL & LIFSHITZ, LLP
18 East 41st Street
New York, New York 10017
212-213-6222

Robert I. Harwood, Esq.
Roy Shimon, Esq.
HARWOOD FEFFER LLP
488 Madison Avenue
New York, New York 10022
Tel: 212-935-7400